UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOAN CONCETTA ALESSANDRA,

                Plaintiff,

                                                      **Hon. Hugh B. Scott**

                v.

                                                      12CV397A

                                                          **Order**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

                Defendant.
_____

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 10, July 25, 2013).  Before the Court is defendant Commissioner of Social Security's motion to transfer venue, pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3), to a federal court in Florida (Docket No. 6, filed August 23, 2012).  Responses to this motion were due by September 7, 2012, with replies due by September 14, 2012; Judge Arcara (prior to referring this case) provided that oral argument would be at the Court's discretion (Docket No. 7).  Following referral of this matter to the undersigned, the motion was deemed submitted upon the papers.

---

      [1]During the pendency of this action, on February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for now former Commissioner Michael J. Astrue as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

## BACKGROUND

This is a Social Security action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the defendant Commissioner that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits or supplemental security income. Specifically at issue here is whether this Court is the proper venue for this action.

Plaintiff alleges in her Complaint that she resides in Beverly Hills, Florida (Docket No. 1, Compl. ¶ 4), a town in Citrus County in the Middle District of Florida, see 28 U.S.C. § 89(b) (Docket No. 6, Def. Memo. at 4; Docket No. 9, Def. Reply Memo. at 1). Her Social Security hearing was held in Buffalo, New York (Docket No. 1, Compl. ¶ 4), and the denial decision was sent to plaintiff at an address in Kenmore, New York (id., Ex. A), both in this District. But the Complaint makes no other allegations regarding plaintiff's domicile.

Defendant argues that an action under 42 U.S.C. § 405(g) must be brought "in the district court of the United States for the judicial district in which the plaintiff resides," concluding that plaintiff resides in a district in Florida (Docket No. 6, Def. Memo. at 1) and not in the district where the final decision by the Commissioner was made (id. at 3-4).

Plaintiff contends that she resides in Florida only six months of the year, while residing in Ransomville, New York (again in the Western District of New York), the remaining six months of the year (Docket No. 8, Pl. Memo. at 1), arguing through counsel that her residence in Florida was temporary (id. at 2). She distinguishes the cases cited by defendant as not being binding upon this Court, including Lehman v. Nakshian, 453 U.S. 156, 160 (1981), which was an Age Discrimination in Employment Act case (id. at 2). Plaintiff claims that the relevant events took

place in this District, including plaintiff's treatment, her filing of the application, and the administrative hearing (id. at 3).

Defendant replies that plaintiff relies upon the general venue provision of 28 U.S.C. § 1391 without considering its own limitation that excludes situations where statutes specifically set forth their own venue provisions (Docket No. 9, Def. Reply Memo. at 2, 3-4); see also 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3815, at 160 (Jurisdiction 2d ed. 1986) (§ 1391(e) does not control where there is a specific provision applicable). Defendant then notes that the Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 787-89 (1975) (Brennan, J., dissenting) (cf. Docket No. 8, Pl. Memo. at 2), id. at 764, the Court stated that one of the bases for judicial review under 42 U.S.C. § 405(g) is filing the action in the appropriate district court, "in general that of the plaintiff's residence or principal place of business," that is, the appropriate venue, Salfi, supra, 422 U.S. at 764. Defendant contends that plaintiff provides no evidence of her claim of residing in two states or that her residence in Florida was "temporary," although she bore the burden of proving facts to invoke federal jurisdiction (Docket No. 9, Def. Reply Memo. at 5, 6), presumably including venue. Defendant concludes that plaintiff's domicile, that is her true fixed home, was Florida and she failed to produce proof to the contrary (id. at 6).

**DISCUSSION**

I.   Dispositive Nature of Motion to Transfer Venue

A motion for change of venue is a non-dispositive pretrial matter which this Court may decide pursuant to 28 U.S.C. § 636(b)(1)(A) by Order; that is, this motion is within the "'jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C.

§ 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion,'" Jones v. Wetzel, No. 4:13-CIV-1718, 2013 U.S. Dist. LEXIS 94352, at *6 (M.D. Pa. July 8, 2013) (Carlson, Mag. J.) (quoting Berg v. Aetna Freight Lines, No. CIV. A. 07-1393, 2008 U.S. Dist. LEXIS 54905, at *1 n.1 (W.D. Pa. July 15, 2008) (Hay, Mag. J.), which cited in turn cases, including O'Brien v. Goldstar Tech., Inc., 812 F. Supp. 383 (W.D.N.Y. 1993) (Heckman, Mag. J.) (Decision and Order on motion to transfer venue)). As noted by the Magistrate Judges in Berg, supra, 2008 U.S. Dist. LEXIS 54905, at *1 n.1, and Jones v. Wetzel, supra, 2013 U.S. Dist. LEXIS 94352, at *6, "[t]his is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.' Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1996 U.S. Dist. LEXIS 19244, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases)."

Thus, this Court is deciding defendant's motion rather than issuing a Report & Recommendation for disposition.

II.     Appropriate Venue

An action under the Social Security Act must be venued in the district where the plaintiff resides, 42 U.S.C. § 405(g); Smart v. Astrue, No. 09CV877, 2012 WL 2856127 (W.D.N.Y. July 11, 2012) (Skretny, Ch. J.) (transferring action commenced in this District to the Central District of California) (Docket No. 6, Def. Memo. at 3). Plaintiff cites to the general venue statute, 28 U.S.C. § 1391(b) (Docket No. 8, Pl. Memo. at 2-3), but fails to note the first sentence of § 1391(a) that the statute's applicability was "except as otherwise provided by law." The Social Security Act specifically has its own venue provision, 42 U.S.C. § 405(g), thus the general § 1391(b) venue provision is not applicable. Section 405(g) and its case law does not state

4

whether defendant or plaintiff bears the burden of establishing venue when it is challenged. The general venue provision and its case law, however, does inform as to which party bears that burden.

Under 28 U.S.C. § 1391, once venue has been challenged, the plaintiff (as the party who selected venue in the first instance) has the burden of establishing that the chosen venue is proper, e.g., D'Anton Jos, S.L. v. Doll Factory, Inc., 937 F. Supp. 320, 321 (S.D.N.Y. 1996). Similarly, under the Social Security Act's venue provision, plaintiff as claimant who identified the initial venue bears the burden of establishing that this venue is proper, see Caremark Therapeutic Servs. v. Leavitt, No. 05 Civ. 00728, 2006 U.S. Dist. LEXIS 1285, at *4-5 (S.D.N.Y. Jan. 13, 2006) (granting motion to dismiss for improper venue and transferring case to Central District of California).

Here, plaintiff does not allege dual residency or primary residency in New York or in this District; instead, she alleges residence in Florida (Docket No. 1, Compl. ¶ 4). In her response to this motion, plaintiff did not submit a sworn statement (from her or her counsel) or other evidence as to what place she considered her residence, cf. W.D.N.Y. Loc. Civ. R. 7(a)(3) (motions and opposition to motion "shall be supported by at least one affidavit and by such other evidence" as appropriate to resolve the motion). Rather, she merely presents her attorney's argument in her Memorandum of Law that plaintiff divides her time between the two states and that Florida was "only temporary" (cf. Docket No. 8, Pl. Memo. at 2, 3) residence. She points to the application activity and her treatments in this District, but these alone do not establish residency. As with a motion for summary judgment under Rule 56(c)(4) (and formerly in

Rule 56(e)(1))[2], the unsworn assertion of counsel of these facts beyond the personal knowledge of counsel is not sufficient as proof of plaintiff's residence or her intentions regarding her domicile. Plaintiff has not produced admissible proof of her dual residency or her now claimed primary residence in New York.

Absent such proof of plaintiff's residence and her pleading that she resides in Florida, defendant's motion to transfer venue to Florida (Docket No. 6) is **granted**.

## CONCLUSION

Based upon the above, defendant Commissioner's motion to change venue of this action to a district court in Florida (the Middle District of Florida) (Docket No. 6) is **granted**. The Court Clerk is instructed to transfer this action to the United States District Court for the Middle District of Florida and do whatever is necessary to terminate this action in this District.

SO ORDERED.

                /s/ Hugh B. Scott
                Hon. Hugh B. Scott
                United States Magistrate Judge

Dated: Buffalo, New York
   August 8, 2013

---

[2]This concept is also applied in the requirement in criminal cases that defense motions for a suppression hearing be based upon personal knowledge of the defendant rather than upon the assertions of counsel, United States v. Watson, 404 F.3d 163, 166 (2d Cir. 2005) (factual claims by defense counsel made without any claim of personal knowledge held insufficient to challenge a search warrant); see also, e.g., United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers").