UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOAN CONCETTA ALESSANDRA,

    Plaintiff,

v.                                        Case No: 5:13-cv-385-Oc-GKS-PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIB"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED.**

### I. Procedural History and Summary of the ALJ's Decision

On November 14, 2007, Plaintiff filed an application for Disability Insurance Benefits alleging an onset of disability as of March 1, 2003. (Tr. 172-76, 189). Her application was denied initially, and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ) on January 6, 2010 (Tr. 24-76), the ALJ issued an unfavorable decision dated January 25, 2010 finding Plaintiff not disabled. (Tr. 81-88). On September 16, 2010, the Appeals Council vacated the ALJ's decision and remanded the case or further consideration. (Tr. 133-36).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Following a second hearing, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 14-51). The Appeals Council denied Plaintiff's Request for Review.  (Tr. 1-5).  The ALJ's decision dated October 8, 2010 became the final decision subject to review under 42 U.S.C. § 405(g).  (Tr. 1-6).

At the time of the ALJ's decision, Plaintiff was fifty-nine (59) years of age.  (Tr. 28). Plaintiff is a high school graduate, and attended cosmetology school.  (Tr. 28).  Plaintiff has prior work experience doing clerical work at a real estate office (Tr. 39).

The ALJ determined that Plaintiff had the following severe impairments: depression, anxiety, and headaches.  (Tr. 17).  The ALJ found that Plaintiff had the residual functional capacity (RFC) to lift/carry/push/pull 100 pounds occasionally and 50 pounds frequently, sit 2 hours in an 8 hour day and stand/walk 6 hours in an 8 hour day, no climbing ropes, ladders or scaffolds, no work in areas with unprotected heights, or work around heavy, moving or dangerous machinery.  The ALJ further limited Plaintiff to work in a job with a moderate amount of stress. (Tr. 19).

Relying on the testimony of a vocational expert, and taking into account Plaintiff's residual functional capacity, the ALJ found that Plaintiff could perform her past relevant work as an office clerk as it was actually performed.  (Tr. 22).  Accordingly, the ALJ determined that Plaintiff was not disabled.  (Tr. 23).

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. §404.1520.  The

claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Arguments on Appeal

Plaintiff raises two arguments on appeal:   (1) that the ALJ improperly rejected the opinion of treating physician Dr. Roche; and (2) that this matter should be remanded for the purpose of obtaining medical opinion evidence.

### a. The ALJ's Consideration of Dr. Roche's Opinion

Plaintiff argues that the ALJ erred by improperly rejecting the opinion of Plaintiff's long-time treating physician Bertand Roche, M.D., a general practitioner. Plaintiff's argument pertains to Dr. Roche's January 18, 2008 opinion of Plaintiff's mental residual functional capacity. (Tr. 536-37). Dr. Roche opined that Plaintiff was extremely impaired in several areas, including the ability to understand and remember detailed instructions, maintain attention and concentration, perform activities within a schedule, maintain regular attendance and be punctual, sustain an ordinary routine without special supervision, compete a normal workday and workweek without interruptions and to perform at a consistent pace without an unreasonable number of rest periods. (Tr. 536-37). He also indicated Plaintiff was markedly impaired in the ability to remember locations and work-like procedures, understand and remember short and simple instructions, carry out detailed instructions, work in coordination and proximity with others, and other areas. (Tr. 536-37). Plaintiff contends that Dr. Roche's opinion is uncontradicted, and should not have been rejected by the ALJ.

It is well-established that substantial or considerable weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)) ("We have found 'good cause' to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their medical records.") However, the ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *Edwards v. Sullivan*, 937 F.2d 580, 584 (ALJ properly

discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.1986).  The ALJ may discount the opinion of a physician, even a treating physician, when not supported by objective medical signs and diagnostic testing or when inconsistent with the record. *See* §§ 404.1527(c)(2), 416.927(c)(2).

Here, the Court agrees with Defendant that the ALJ provided good reasons for discounting Roche's opinion, and substantial evidence supports the ALJ's decision to give little weight to Dr. Roche's opinion.  The ALJ gave specific reasons why he discounted Dr. Roche's opinion.  The ALJ wrote:  "Dr. Roche's medical statement is given little weight upon a review of his treatment notes.  Dr. Roche does not provide evidence to support his opinions."  (Tr. 21).  The ALJ added, "Dr. Roche is a general practitioner, not a psychiatrist or psychologist who can support the issues concerning claimant's functioning."  (Tr. 21).

Indeed, Dr. Roche's treatment notes reflect that, although Plaintiff complained of depression and anxiety, her symptoms were generally controlled with medication.  (Tr. 334, 341-42, 355-56, 361-62).  *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984).  A controlled impairment is not disabling. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."  *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

The ALJ properly considered Dr. Roche's medical specialty when assessing his opinion. The regulations specifically provide that more weight will be given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is

not a specialist. 20 C.F.R. § 404.1527(c)(5); *Davia v. Colvin*, No. 8:12-cv-2334-T-TGW, 2014 WL 495525, at*7-8 (M.D. Fla Feb. 5, 2014) (finding that in discounting medical provider's opinion, ALJ appropriately considered provider's area of treatment).

Finally, the Court notes that the ALJ did not simply reject Dr. Roche's opinion because he was not a mental health specialist. As noted above, the ALJ discounted the opinion because it was inconsistent with Dr. Roche's own treatment notes, and was a conclusory opinion with no support. Notably, the conclusory nature of Roche's opinion is enough, by itself, to justify the ALJ discounting it. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir.1987); *Lanier v. Commissioner of Social Security*, 252 Fed. Appx. 311, 313 (11th Cir.2007).

### b. The ALJ's Development of the Record

Next, Plaintiff argues that the ALJ should have further developed the record by obtaining a medical examination or a medical expert opinion regarding her mental impairments.

Although an ALJ has "a basic obligation to develop a full and fair record. . . there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). An ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Indeed, the decision to obtain a consultative examination is within an ALJ's discretion. *See* 20 C.F.R. § 404.1517 (if an ALJ finds there is insufficient evidence from a claimant's medical sources to make a determination, then the ALJ may order a consultative exam); 20 C.F.R. § 404.1519 (the decision to obtain a consultative exam is made on an individual case basis).

As Defendant argues, the claimant bears the burden of proving disability, and is consequently responsible for producing evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

With regard to consultative examinations, the Court finds that ordering additional consultative examinations was not necessary because the record contained sufficient evidence for the ALJ to make an informed decision. The ALJ's decision was well informed by Plaintiff's treatment notes from Dr. Roche who repeatedly observed that Plaintiff's condition was controlled with medication (Tr. 334, 341-42, 349, 355-56, 361-62). For example, Dr. Roche noted "anxiety very well controlled," (Tr. 334), "depression controlled," (Tr. 349), and "no more depression . . . just a little more irritable," (Tr. 362). The Court notes that Dr. Roche was Plaintiff's long-standing treating physician, and his notes reflect a consistent pattern regarding Plaintiff's condition being controlled by medication.

The ALJ also considered the records of psychologist Noreen Cronin, Ph.D., who assessed Plaintiff's Global Assessment Functioning at 68, indicting mild difficulties in social or occupational functioning (Tr. 642), and Plaintiff's own testimony regarding her daily activities. As the ALJ observed, the Plaintiff's allegations of disability are inconsistent with her activities of daily living. Plaintiff testified that she cleans, does dishes, laundry, housework, shops and carries packages. (Tr. 57). This evidence, including Dr. Roche's treatment notes, Dr. Cronin's GAF score, and Plaintiff's own description of her daily activities is substantial evidence supporting the ALJ's decision.

Based upon the record, the Court finds that the ALJ had sufficient evidence to make an informed decision. *See Ingram*, 496 F.3d at 1269. Plaintiff's argument that additional consultative examinations would support her claim is mere speculation. *See Moore v. Barnhart,*

405 F.3d 1208, 1213 (11th Cir. 2002) (rejecting claimant's challenge that was based on extrapolation and conjecture as insufficient to disturb the ALJ's finding).

### IV. RECOMMENDATION

For the reasons stated above, the Court finds that the ALJ's decision is supported by substantial evidence. It is therefore respectfully **RECOMMENDED** that the ALJ'S decision be **AFFIRMED**.

**DONE AND ENTERED** in Ocala, Florida, on February 3, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
All Counsel